# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

LYNN WEIER,

        Plaintiff,

vs.

SHEFFIELD POST OFFICE,

        Defendant.

No.  C25-3073-LTS

**MEMORANDUM
OPINION AND ORDER**

## I.      INTRODUCTION

This matter is before me on a motion (Doc. 4) to dismiss for insufficient service of process filed by defendant Sheffield Post Office (the Postal Service).[1]  Plaintiff Lynn Weier has not resisted and the time to do so has passed.  Oral argument is not necessary. *See* LR 7(c).

## II.     BACKGROUND

On October 30, 2025, Weier commenced this action by filing a small claims petition (Doc. 2) in the Iowa District Court for Cerro Gordo County, alleging that the Postal Service had not paid him $2,832 for snow removal services.  The Franklin County Sheriff served the petition on a Postal Service employee the next day.  Doc. 1-1 at 8. The Postal Service removed the action to this court on December 8, 2025.[2]  Doc. 1.

---

[1] The defendant is an office of the United States Postal Service.

[2] The Postal Service argues that because it was not properly served, it did not learn of the case until November 6, 2025.  Doc. 1 at 1.

### III. ANALYSIS

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss a complaint for "insufficient service of process." "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant," *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993), "whether or not it had actual notice of the lawsuit." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996). A defendant does not waive an improper service of process defense by entering an appearance. *See Patterson v. Menard, Inc.*, No. 414CV00274, 2015 WL 12762272, at *6 (S.D. Iowa Dec. 22, 2015) (collecting cases); *see also Newton v. Chicago & N. W. Transp. Co.*, No. CIV. 83-640, 1986 WL 307, at *1 (S.D. Iowa Feb. 19, 1986) ("[A]n appearance before an objection to service is made does not waive the objection."). "Plaintiffs bear the burden to prove proper service of process once it has been contested." *Rennenger v. Manley Toy Direct L.L.C.*, No. 4:10-CV-00400, 2013 WL 12159451, at *2 (S.D. Iowa July 18, 2013).

Unless the plaintiff shows good cause, the court must dismiss the case without prejudice if the plaintiff fails to serve the defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). If the case has been removed to federal court, "the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court . . . ." *Launch Mktg. LLC v. Golden Krust Caribbean Bakery, Inc.*, No. 5:23-CV-5092, 2023 WL 4977794, at *3 (W.D. Ark. Aug. 3, 2023) (quoting 4B *Wright & Miller's Federal Practice and Procedure* § 1137 (4th ed. 2023)) (alteration in original).

In most removed cases, the required means of service depends on whether the plaintiff executed service before or after removal. Federal Rule of Civil Procedure 81(c) provides that the federal rules "apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal." Thus, "in a case that has been removed from state court, the sufficiency of service of process prior to removal

2

is determined by state law, and after removal, by federal law." *Barner v. Thompson*, 796 F.3d 897, 900 (8th Cir. 2015) (internal citations omitted).

However, even before removal, 39 U.S.C. § 409(b) "dictates how to serve the [Postal Service], and [this] federal statute requires service in the same way one would serve the United States under the Federal Rules." *Douglass v. United States Postal Serv.*, No. 3:17-CV-250, 2017 WL 2225187, at *1 (N.D. Ind. May 22, 2017). Section 409(b) states that a plaintiff suing the "Postal Service, its officers, or employees" must follow "the provisions of title 28 relating to service of process . . . in suits in which the United States, its officers, or employees are parties." 39 U.S.C. § 409(b). Title 28 provides as follows with regard to an action against an agency or employee of the United States:

> The summons and complaint in such an action shall be served as provided by the Federal Rules of Civil Procedure except that the delivery of the summons and complaint to the officer or agency as required by the rules may be made by certified mail beyond the territorial limits of the district in which the action is brought.

28 U.S.C. § 1391(e)(2).

> The Federal Rules of Civil Procedure state as follows:

> To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

3

Fed. R. Civ. P. 4(i)(1).  If suing an agency of the United States, the "party must serve the United States and also send a copy of the summons and the complaint by registered or certified mail to the agency [or] corporation."  Fed. R. Civ. P. 4(i)(2).  Courts have almost universally held that 39 U.S.C. § 409(b) requires plaintiffs to comply with Rule 4(i), even before removal to federal court.[3]

Because Weier has done nothing other than serve a Postal Service employee, he has failed to properly serve the Postal Service in accordance with Rule 4(i).  More than 90 days have passed since Weier filed his complaint in state court and the Postal Service removed the case to this court.  Weier has not shown good cause for his failure. "A showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules."  *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) (quoting *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)).  It is the plaintiff's burden to show good cause.  *See Kurka*, 628 F.3d at 957.  Weier has not responded to the Postal Service's motion to dismiss and has not shown good cause for failing to comply with these rules.

"[D]ismissal [is not] invariably required where service is ineffective: under such circumstances, the [district] court has discretion to either dismiss the action, or quash service but retain the case."  *Marshall v. Warwick*, 155 F.3d 1027, 1032 (8th Cir. 1998) (quoting *Haley v. Simmons*, 529 F.2d 78, 78 (8th Cir. 1976)) (alterations in original).

---

[3] *See, e.g.*, *Anwar v. United States Postal Serv.*, No. C22-1156, 2022 WL 9350963, at *3 (W.D. Wash. Oct. 14, 2022) (Rule 4(i) service requirements necessary in pre-removal service); *Lynch v. United State Postal Serv.*, No. 21-CV-01322, 2021 WL 7448623, at *1-2 (N.D. Cal. Apr. 5, 2021) (same); *Hurd v. United States Postal Serv.*, No. 8:19CV82, 2019 WL 2436243, at *1 (D. Neb. Apr. 30, 2019), *report and recommendation adopted*, No. 8:19CV82, 2019 WL 2433673 (D. Neb. June 11, 2019) (same); *Kennedy v. Postmaster Gen.*, No. CV 18-11, 2018 WL 5046677, at *4 (M.D. La. Oct. 17, 2018 (same); N*ew 75th & Cottage Currency Exch., Inc. v. United States Postal Serv.*, No. 17 C 6653, 2018 WL 3046947, at *2 (N.D. Ill. June 20, 2018); *but see Babino v. United States Postal Serv.*, No. CV-20-01387, 2021 WL 857363, at *2 (D. Ariz. Mar. 8, 2021) (a plaintiff suing the Postal Service in state court could serve the Postal Service in accordance with the state, rather than federal, rules).

4

Here, I will exercise my discretion to dismiss this case without prejudice, rather than quash service. Weier has not perfected service in the six months since the Postal Service removed this case, nor has he attempted to cure the defective service in the four months since the Postal Service sought dismissal based on insufficient service of process. Indeed, Weier did not resist the Postal Service's motion to dismiss. Because Weier has failed to properly serve the Postal Service within the required period of time, and has not articulated good cause for this failure, this case will be dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated herein, the defendant's motion (Doc. 4) to dismiss for insufficient service of process is **granted**. The case is **dismissed without prejudice**.

Pursuant to Federal Rule of Appellate Procedure 4(a)(1), parties wishing to appeal a judgment in a civil case must file a notice of appeal "with the district clerk within 30 days after entry of the judgment or order appealed from." The Clerk's office is directed to send plaintiff a copy of Form 1A from the Appendix of Forms from the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED** this 16th day of June, 2026.

_____
Leonard T. Strand
United States District Judge

5